Dear Mr. Hamilton:
This opinion is in response to your question asking whether the county collector in a second class county is entitled to the fees set out in § 151.280, RSMo, as well as his normal salary.
Section 52.420, RSMo, provides:
 1. The county collector in all counties of the second class shall receive, as compensation for his services, an annual salary of thirteen thousand five hundred dollars.
 2. The salary shall be in lieu of all fees, commissions, penalties, charges and other compensation now charged, received or allowed by virtue of any statute, to any such collector as compensation for his services except the compensation provided by subsection 3 of this section.
 3. In all counties of the second class in which the county collector has entered into a contract with a constitutional charter city providing for the collection of municipal taxes by the collector, the collector shall be paid as compensation for the additional duties an annual salary of three thousand dollars, during the period in which the contract is effective, payable out of the county treasury.
Section 151.280, RSMo, provides:
 The county collector shall be allowed for collecting the railroad taxes, payable out of the same, one percent on all sums paid without seizure of personal property; and on all collections made by seizure of personal property, he shall be allowed five percent on the amount, which shall be taxed or charged as costs and paid by the railroad company; and on all collections made by suit against such company or companies two percent on the amount, to be paid as costs by the defendant; provided, that in all counties of class one and the city of St. Louis the collector shall pay such fees into the county or city treasury as provided by law.
In our Opinion No. 67, dated May 5, 1955, to Norton, this office concluded that in fixing the salary provided in § 52.420, due consideration was given to all of the then existing fees, commissions, penalties, charges and compensation of every nature previously received by collectors of the revenue in counties of the second class and that the all inclusive phraseology employed in the statute discloses a legislative intent that no other compensation in any form may be received by such officers. We have not enclosed a copy of that opinion because it is not otherwise applicable here.
We note that the provisions of § 52.420 basically originated in the Laws of 1931, p. 290, whereas the provisions of § 151.280, with respect to such fees, were already in existence prior to the enactment of such laws in 1931.
We believe that it is clear that the legislature did not intend that the county collectors in second class counties retain any of the fees collected under § 151.280, RSMo.
The collector must collect fees under § 151.280 on behalf of the county and must pay such fees into the county treasury.
Finally, it should be noted that § 52.420 no longer provides the full compensation of such collectors. See, for example, § 52.435 RSMo, and § 52.285, RSMo Supp. 1979, which were both enacted after § 52.420 was enacted and which both provide additional compensation for such collectors.
CONCLUSION
It is the opinion of this office that a second class county collector is not entitled to retain any of the fees collected under § 151.280, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General